May it please the Court, my name is Ryan Mullins and I am appearing on behalf of William Burrows. The police executed a search warrant on William Burrows' residence and seized child pornography from a computer that Mr. Burrows possessed. The government chose to charge him with receiving child pornography. That subjected him to a maximum sentence of 20 years in prison and a mandatory minimum sentence of five years in prison. Had the government chosen to charge him with possessing child pornography, he would have been subject to a 10 year maximum sentence and no mandatory minimum sentence. We are arguing that the distinction between receiving and possessing child pornography is void for vagueness, because it does not sufficiently give a defendant fair notice of what conduct is prohibited. Specifically, what conduct distinguishes possessing from receiving child pornography. And it allows arbitrary enforcement by the government and law enforcement, which is what we believe occurred in this case. We are asking the court to overrule a prior decision of this court from 2009. And that was United States versus Watsman. The same argument was made in Watsman. And the court found that the charges are distinct, because receiving child pornography requires that the government prove that the defendant knew that the material he received, he or she received, was depicted a minor engaged in sexually explicit conduct. That holding has been undermined by a number of circuit court decisions and also this court's own decision in United States versus Peel. Where this court said that a defendant, the government must prove that the defendant knew that the material he or she possessed, depicted a minor engaged in sexually explicit conduct. And that decision is consistent with decisions from other circuits. United States versus McNeely, a 5th Circuit case from 2010. The court said that the knowing scienter requirement applies to both receiving and possessing, and then United States versus Davenport, a 9th Circuit case from 2008. And United States versus Miller, a 3rd Circuit case from 2008 also at least implied that the knowing element is required for both possessing and receiving. There was also some discussion in Watsman about the distinct harms that are addressed by criminalizing, or distinguishing receipt from possession. And the finding was that receiving concerns different harm because it implicates the market for child pornography. But we believe that that finding has also been undermined by other circuits. United States versus Davenport, the 9th Circuit found that the harms identified by Congress are really the same for both receipt and possession. There was a fairly thorough discussion in Davenport about the legislative history behind the two different provisions. And a similar finding was made by the 3rd Circuit in United States versus Miller that receipt and possession are directed to the same harm, which is essentially the market for child pornography.  While possessed, traveled in interstate commerce, it does directly implicate the market for child pornography. So we believe that Watsman should be overruled, that it's inconsistent with this court's holding appeal, that the rationale for its holding is no longer good law. And as a result, it should be overruled. And just taking the case on face value without considering Watsman, we believe that the distinction between receiving and possessing is not sufficiently defined. The vagueness challenges can be made to statutes that impose different sentencing schemes depending on the conduct that is prohibited. And we believe in this case that Congress did not sufficiently define receipt and possession. There is no congressional definition of the terms. If one looks at dictionary definitions, which we have cited in our brief, the Oxford English Dictionary defines the terms, I would argue, pretty similarly. We have noted those definitions are receiving is to take into one's hands or one's possession. Possessing is to own, to have, or gain ownership of, to have as one's own, or to hold as property. Those are definitions that are quite similar and do not give a person fair notice of what conduct is prohibited. Unless there are questions on Mr. Burroughs' argument with respect to the sentencing issue and the court relying on an improper factor, I will reserve the rest of my time for rebuttal. Thank you, Mr. Rollins. Mr. Walters. Judge Flom, your honors may it please the court. Greg Walters on behalf of the United States. At issue in this case are two important principles. One is the constitutionality of a statute enacted by the people's representative, the receipt of child pornography statute. And along with that, the respect for this court's precedent. And we believe both of those principles require affirmance of the district court. The fact is that under either the notice test of the due process clause or the arbitrary enforcement test of the due process clause, the receipt of child pornography statute passes constitutional muster. Receipt of child pornography is distinct from possession in this regard, even assuming possession is a lesser included offensive receipt. What this court stated in Wattsman is as true today as it was then, that all knowing receivers of child pornography are knowing possessors. But not all knowing possessors are knowing receivers. So, for example, a person can receive child pornography unknowingly, but decide to retain it once he or she realizes what it is, and they're then guilty of possession. And an example would be that a person could use a search term, for example, barely legal, and get and receive pornography that includes both children or adults above the age of 18 and children under the age of 18. They may have had the intent with that search term of seeking only children above 18, but not below. And but once they realize they have that child pornography and retain it, they are guilty of possession, but not of receipt. And the other thing, too, that is important is that the government is not able to prove in every case in which someone has received child pornography that they knowingly received it. For example, and this is anecdotal, we have had cases where the possession of child pornography is on a CD or DVD ROM. That forensically, we cannot demonstrate the who, the how, that material got on that DVD, but we can meet the other elements, the person knowingly possessed it, that the interstate commerce element is met without showing receipt. You do not have to prove receipt to show the interstate nexus. You can have a known victim who was victimized in another state that necessarily shows that it traveled interstate commerce because the pornography was in the state of Illinois. So we are not able in every case to show that everyone that possesses child pornography knowingly received that child pornography. So Congress, in enacting the possession offense, did impose or did enact an important gap filler in the trafficking of child pornography. But Watsman does not need to be overruled merely because the possession of child pornography may be a lesser included offense of receipt. Again, not all knowing possessors are knowing receivers of child pornography. And what defense almost seems to be making is, is there a rational basis for distinguishing between the two on the part of Congress? And Watsman answers that question, that the people that knowingly receive are engaging in the trafficking of child pornography, which the receipt and distribution statute is targeting to seek to reduce the market for child pornography. So this statute, which clearly lays out the elements of you have to receive the material, knowingly receive it, that you have to know it's child pornography, and the interstate commerce element, are very clear, both from a notice perspective and then from an arbitrary enforcement perspective that it delineates how a person can be guilty of that offense. The fact that the government might choose, and this case did, to charge a knowing possessor and a knowing receiver with only the receipt offense does not make it unconstitutional. The government, in its discretion, as the Supreme Court said in Batchelder, may choose a statute with higher penalties and without more does not violate either the due process clause nor the equal protection clause. This statute is constitutional, and Watsman remains as true today, or excuse me, Woltzman, remains as true today as it did back in 2007 when the court decided that case. And just one quick point regarding sentence. I do agree with my colleague that the receipt is a 5 to 20 year sentence, but in this particular case, possession was 0 to 20 because he had children under the age of 12. So it made a difference with the mandatory minimum, but not with respect to the statutory maximum. So absent questions from the court on this issue, and since counsel didn't address the Tapia claim, if the court has any questions, I'm happy to answer them. Otherwise, we will rest on our brief. All right, thank you, Mr. Walters. Mr. Mullins? The government attempted to provide some hypothetical cases in which it could prove receipt and not possession, or vice versa. But this court doesn't need to concern itself with hypotheticals, because this is an as-applied challenge. And the court should only look to the facts of the case when determining whether, as applied to Mr. Burroughs, the statutes are void for vagueness. I don't believe that, or I should say that this court itself suggested that the holdings of Wattsman and the case that it relied on, Myers, are in question in United States v. Halliday, a 2012 case. The court stated that, quote, the reasoning of these cases is now in question, both because of our more recent views of the signatory requirement in possessing cases, and because of how our sister circuits have viewed possession and that was a double jeopardy challenge. It wasn't a void for vagueness challenge, but the principles on which it relies are relevant to the void for vagueness challenge, because the vagueness issue that was decided in Wattsman depended on that signatory mens rea issue. And so if the rationale for distinguishing the receipt and possession based on mens rea is no longer valid, we believe that the entire rationale for distinguishing the two statutes is no longer valid. And really what's at issue here, I believe, if these statutes carried the same penalties, it wouldn't rise to the level of what we are asking for, essentially a strict scrutiny analysis by the court. And if the statutes didn't impose different penalties, we don't necessarily believe it would rise to a void for vagueness issue. But because of the distinct, pretty drastic differences between the statutes, we believe that it is subject to strict scrutiny. And we're asking the court to order that Mr. Burrow's conviction be dismissed. Okay. Thank you, Mr. Mullins. Thank you, Mr. Walters. Case is taken under advisement.